United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 24-30152

v.

Hon. Laurie J. Michelson

Dilanjan Miller,

Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Dilanjan Miller, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with bank fraud under 18 U.S.C. § 1344(2).

Defendant's Initials: ____

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 30 Years |
|---------|------------------------|----------|
|         | Fine: | $1,000,000 |
|         | Term of supervised release: | Five Years |

## 3.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the Information and the factual basis of this agreement.

## 4.    Elements of Count of Conviction

The elements of Count 1, charging a violation of Title 18, United States Code, Section 1344(2), that the government would need to prove at trial are:

Page **2** of **20**                    Defendant's Initials: _____

(1) The defendant knowingly executed a scheme to obtain money owned by or in the custody or control of a bank by means of false or fraudulent pretenses, representations, or promises;

(2) The scheme included a material misrepresentation or concealment of a material fact;

(3) The defendant had the intent to defraud; and

(4) The bank defrauded was federally insured.

**5.   Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Steelworkers (USW), AFL-CIO, Local 2513, represented approximately 30 machine operators, inspectors, stock chasers, and rackers employed at Marsh Plating in Ypsilanti, Michigan. DILANJAN MILLER was elected President of USW Local 2513 in April 2018. MILLER also assumed all financial duties of USW Local 2513 as acting Financial Secretary and Treasurer.

Defendant's Initials: _____

MILLER served as Local 2513 President and acted in the financial positions until May 11, 2021, when he left his employment with Marsh Plating.   MILLER's duties and responsibilities as President included presiding over all meetings of the local union and countersigning union checks. MILLER's duties and responsibilities as acting Financial Secretary and acting Treasurer included: (a) receiving and depositing all monies due to the union; (b) signing all checks to be countersigned by the president and financial secretary; (c) keeping regular and correct accounts of all money received and paid by the union; and (d) making detailed financial reports at least once a month at each local union meeting covering the receipts and expenditures of all funds.

USW Local 2513 held one checking account with the Bank of Ann Arbor from August 30, 2005, until it was closed by the USW IU on May 28, 2021.  In or around October 2018, MILLER obtained a VISA debit card linked to the Bank of Ann Arbor checking account.

From on or about June 2018, to on or about May 2021, in the Eastern District of Michigan, Southern Division, DILANJAN MILLER knowingly executed a scheme and artifice to obtain the moneys and

Defendant's Initials: _____

funds owned by or under the custody and control of the Bank of Ann Arbor, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises, as set forth below.

While President, acting Financial Secretary, and acting Treasurer of the union, MILLER fraudulently obtained approximately $47,347 of union funds in the custody and control of the Bank of Ann Arbor by:

a) issuing approximately 38 unauthorized checks to himself and forging the signature of the second signatory on 20 of those checks;

b) issuing approximately 4 unauthorized checks made payable to a family member; and

c) making approximately 2 unauthorized cash withdrawals from the union's bank account.

All in violation of Title 18, United States Code, Section 1344(2).

6. **Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the

Defendant's Initials: _____

crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.     The right to plead not guilty and to persist in that plea;

B.     The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

Defendant's Initials: _____

I.      The right to compel the attendance of witnesses at trial.

**7.      Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

Defendant's Initials: _____

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a three-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

Defendant's Initials: _____

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

§ 2B1.1(b)(1)(D):  Bank Fraud Loss Exceeded $40,000

§ 3B1.3: Abuse of Position of Trust

## D.    Factual Stipulations for Sentencing Purposes

The parties have the following factual stipulations:

MILLER also used the USW Local 2513 VISA debit card to make at least 184 unauthorized personal purchases totaling approximately $11,259.84. All of the purchases were outside of normal union expenses.

a.  Personal retail store purchases including the following:

11/05/18    Jordan Jewelers (Dearborn, MI) $204.25

11/06/18    Footaction (Dearborn, MI)          $413.40

Defendant's Initials: _____

| | | |
|---|---|---|
| 12/11/18 | Footaction (Las Negas, NV) | $238.15 |
| 02/11/19 | Finish Line (Dearborn, MI) | $201.40 |
| 02/11/19 | Foot Locker (Dearborn, MI) | $201.40 |

b.  Personal vehicle rentals including the following:

| | | |
|---|---|---|
| 02/26/19 | Dollar Car West (Palm Beach FL) | $411.48 |
| 02/25/20 | Dollar Car West (Palm Beach, FL) | $551.67 |
| 11/18/20 | Dollar Car (Atlanta, GA) | $537.27 |
| 02/23/21 | Dollar Car (Ft. Lauderdale, FL) | $490.74 |

c.  Personal airfare or flight expenses for personal airfare including the following:

| | | |
|---|---|---|
| 02/15/19 | Spirit Airlines (Detroit to Palm Beach) | $345.58 |
| 08/14/20 | Spirit Airlines (Detroit to Las Vegas) | $39.70 |
| 10/16/20 | Spirit Airlines (Detroit to Atlanta) | $141.58 |
| 01/19/21 | Spirit Airlines (Detroit to Ft. Lauderdale) | $132.80 |
| 02/02/21 | Spirit Airlines (Detroit to Ft. Lauderdale) | $49.98 |

d.  Lodging accommodations including the following:

| | | |
|---|---|---|
| 06/24/20 | Rodeway Inn (Romulus, MI) | $67.29 |
| 08/24/20 | Apple Tree Inn (Saginaw, MI) | $72.15 |

Defendant's Initials: _____

| 09/30/20 | AirBNB (Mrytle Beach, SC) | $241.02 |
| 04/26/21 | Apple Tree Inn (Saginaw, MI) | $144.30 |

e. Personal fuel, meal, and bar purchases including the following:

| 08/28/20 | Motor City Casino (Detroit, MI) | $104.95 |
| 09/21/20 | Pantheion Lounge (Dearborn, MI) | $70.58 |
| 09/23/20 | Pantheion Lounge (Dearborn, MI) | $86.45 |
| 04/21/21 | Opyum Lounge (Detroit, MI) | $75.85 |

The approximate amount of unauthorized purchases made by MILLER is $11,259.84.

## E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

## F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any

Page **11** of **20**                                Defendant's Initials: _____

way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2.   No Right to Withdraw

Page **12** of **20**                                  Defendant's Initials: _____

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's

Defendant's Initials: _____

sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.     Fines

There is no recommendation or agreement as to a fine.

### E.     Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Defendant's Initials: _____

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100 immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the guideline range determined by the Court, the defendant also waives any right she may have to appeal his sentence on any grounds.

Defendant's Initials: _____

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

Defendant's Initials: _____

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

Defendant's Initials: _____

15.    **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

16.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on September 16, 2024.

Page **18** of **20**                                   Defendant's Initials: _____

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

*John K. Neal*

John K. Neal
Chief, Public Corruption and
Civil Rights Unit
Assistant United States Attorney

*Sarah Resnick Cohen*

Sarah Resnick Cohen
Assistant United States Attorney

Dated:   September 9, 2024

Defendant's Initials:

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.


_Allison L. Kriger_
Allison Kriger
Attorney for Defendant

_____
Dilanjan Miller
Defendant

Dated:  September 24, 2024

Defendant's Initials: _____